### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| TOKYO GATSON, #J-2014-20444, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:15-CV-2331-TWT-CMS |
| SA BENJAMIN MININGER et al., Defendants. | : : | |

### ORDER FOR SERVICE OF
### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District

Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings and conclusions of law will be limited to a plain error review. See 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 16th day of September, 2015.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TOKYO GATSON, #J-2014-20444, Plaintiff, | : PRISONER CIVIL RIGHTS : 42 U.S.C. § 1983 : : |
| v. | : CIVIL ACTION NO. : 1:15-CV-2331-TWT-CMS |
| SA BENJAMIN MININGER et al., Defendants. | : : |

### FINAL REPORT AND RECOMMENDATION

Tokyo Gatson is in detention in the Essex County Correctional Facility in Newark, New Jersey, awaiting trial in federal district court. *See United States v. Gatson*, No. 2:13-CR-705-WJM (D.N.J. Oct. 10, 2013) (available on www.pacer.gov).

Mr. Gatson's Complaint [1] in this case marks the fifth time since September 2014 that he has sought to initiate a civil action in this Court. *See also Gatson v. Progressive Ins. Co.*, No. 1:14-CV-2900-MHS (N.D. Ga. Sept. 9, 2014); *Gatson v. Mininger*, No. 1:15-CV-1036-MHS (N.D. Ga. Apr. 6, 2015); *Gatson v. Mininger*, No. 1:15-1231-MHS (N.D. Ga. Apr. 16, 2015); *Gatson v. Huggins*, No. 1:15-CV-1268-TWT (N.D. Ga. Apr. 20, 2015).

In each of his prior cases, Mr. Gatson requested permission to proceed *in forma pauperis* ("IFP"). *See id.* In those cases, the Court

identified errors and omissions in Mr. Gatson's self-created IFP application, including missing signatures, certifications, and attachments. *See id.* The Court directed the Clerk – more than once – to mail Mr. Gatson copies of this Court's IFP application form, to assist him in presenting a complete IFP application. *See id.* Even after being provided with multiple copies of this Court's IFP application form, however, Mr. Gatson refused to complete and return those forms. *See id.* For that reason – and because at least one of Mr. Gatson's complaints did not state any claims subject to this Court's jurisdiction – Mr. Gatson's prior cases were dismissed. *See id.*

In this case, Mr. Gatson persists in using an incomplete, self-created IFP application. Among other things, Mr. Gatson has appended a "Trust Account Withdrawal Authorization" purporting to limit debits that this Court may make from his inmate account to a total of $150, rather than the statutorily required $350. *See* 28 U.S.C. § 1915(b)(1).[1]

Moreover, the Mr. Gatson's sworn statements with respect to his financial resources are directly contradicted by the information in the

---

[1] In contrast, the "Trust Account Withdrawal Authorization" that Mr. Gatson submitted to the United States District Court for the District of New Jersey authorized debits totaling $350 for the civil action he recently filed in that Court. *See Gatson v. Bergen Cnty. Prosecutor's Office*, No. 2:15-CV-3734 (D.N.J. June 3, 2015) [1-2 at 7] (available on www.pacer.gov).

inmate account statement provided by the Essex County Correctional Facility. For instance, although Mr. Gatson swears that he has not received *any* money from *any* source over the past twelve months, *see* [2 at 2], the Essex County Correctional Facility Accountant reports that Mr. Gatson has received over $1,168 over the past six months, *see* [2-2 at 4]. Thus, it appears that Mr. Gatson's IFP affidavit is untrue in material respects and that he had the financial resources to pay the $400 due in case initiation fees.

Based on the foregoing, the undersigned **RECOMMENDS** that Mr. Gatson be **DENIED** permission to proceed IFP and that his Complaint be **DISMISSED WITHOUT PREJUDICE**.

The undersigned further **RECOMMENDS** that Mr. Gatson's motion for entry of a default judgment [3] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 16th day of September, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4